All right, Ms. Crane, we'll hear from you. Thank you, Your Honor. May it please the Court, my name is Tara Crane and I represent James Beeler. Mr. Beeler's prior conviction is not related to child pornography or abusive sexual conduct involving a minor. By concluding otherwise and applying the 10-year mandatory minimum, the District Court erred and violated due process. Today I would like to focus on Mr. Beeler's first argument that his prior conviction did not trigger the mandatory minimum. First with regard to Mr. Beeler's conviction as it relates to child pornography. In the context of 2252A, child pornography is defined by federal statute. After applying the categorical approach, because Mr. Beeler's statute of conviction is broader than this definition, we must look to see if it relates to child pornography. The Missouri statute of Mr. Beeler's prior conviction is broader in two ways. First, the Missouri law applies to inadequately clothed children for sexual stimulation or gratification. This is in contrast to the federal law which criminalizes specific types of nudity, those that involve the anus, genitals, or pubic area. A person can be convicted under this Missouri statute for other parts of the body filmed for sexual stimulation that was not included in this federal definition. Secondly, the Missouri law criminalizes based on the intent of the photographer which makes it subjective. It's up to the trier of fact to determine what that intent is. This is in contrast to federal law which is based on an objective standard. If the depiction of nudity is objectively lewd or lascivious. Under the Missouri statute, while it cannot criminalize mere nudity, it can criminalize non-lascivious or non-lewd depictions of nudity because of the intent of the photographer making it broader than federal law. Mr. Beeler's case is different in that this court hasn't ever looked at a state statute that focuses both on the intent of the photographer and depictions of other body parts not in the federal statute. This court has previously discussed both parts separately. First, the court has reviewed state statutes that criminalize pictures that are objectively lewd, lascivious, or sexual exhibition of body parts other than the anus, genitals, or pubic area. This occurred in Box and Maycock which fell into this category of analysis. Mr. Beeler's conviction differs from these cases. First, in Box it involved a lewd exhibition of the breast and in Maycock it involved contact with the breast in a sexually stimulating way. This is in contrast to Mr. Beeler's prior conviction which contained pictures that were mere nudity. They were not sexually posing, there was no sexual contact, and there was no lewd or lascivious display of the genitals. Second, the court has looked at the intent of the photographer. In Kimmerling specifically it said, a photo doesn't automatically qualify as child pornography even if the child was filmed or photographed in order to sexually stimulate. It still requires the lascivious display of the genitals. It's not at issue, the question, the factual question at issue is not whether the pictures in the issue appealed or were intended to appeal to the defendant's sexual interests but whether on their face they appeared to be of a sexual character. That was not the case with Mr. Beeler's conviction. It does not fall into either of these categories making it broader than the federal definition for child pornography. I have a question for you. Sure. Do I understand correctly, you're not disputing that the district court was the proper actor to make this decision? Correct. You're not arguing that it should have been a jury issue because it's a mandatory minimum? No. We are not arguing that. You're just arguing that the district court made the wrong decision on the meeting of related to? That's correct. I see. Okay. Thank you. Secondly... Is that settled, by the way, in our cases that this is an issue for the judge? Or... I believe so, yes. Did you look at that? We pled guilty to the offense of possession of child pornography. So then it would be up to, I believe we filed an objection when it was applied in the pre-sentence investigation report that it should not qualify based on what the definitions were with regard to both child pornography and abusive sexual conduct. Right. But I was just thinking of the recent case law regarding which issues must be decided by a jury if they increase the statutory penalties and wondering whether this is one that should have or needs to go to a jury. I know you haven't raised it, but I just wondered if you didn't raise it because you've looked at it and concluded that this is okay for the judge to decide or if it just never really came up in the district court? It never came up in the district court. It was not something that we raised and we didn't look at, but I understand what your case law specifically with regards to priors with an armed career criminal, that that would be a jury decision. So this could be something that maybe does need to be decided by a jury rather than the district court. But it's not an issue raised by you in this case, so we're just focusing on whether this offense was related to... Correct. Yeah. Okay. Go ahead. Sorry for the diversion. That's okay. Second, looking to see if Mr. Buehler's prior conviction related to abusive sexual conduct involving a minor. The definition used is the physical... Does it relate in that the physical or non-physical misuse or maltreatment of a minor for a purpose associated with sexual gratification? The district court in finding Mr. Buehler's prior conviction was related to abusive sexual conduct went beyond this court's precedent. In the cases that we reviewed, the court has never affirmed an enhancement that did not involve the completed contact with a minor, intended contact with a minor, or sexual activity in front of a minor. Mr. Buehler's case does not violate prior precedent because it doesn't fall into this category. This court has also never considered whether filming a minor relates to abusive sexual conduct. In the briefing, the case that we talk about the most is Colson, which is the case out of the Fourth Circuit in Virginia. That statute required lewd exhibition of the genitals. What that court in Colson uses as a standard to look at is the same standard that we use here in the Eighth Circuit in that the requirement that the perpetrator's physical or non-physical misuse or maltreatment of a minor for a purpose associated with sexual gratification. That Colson court also goes on to require that there be something beyond simple nudity even if the person producing the suspect image might have been aroused by simple nudity. That's what applies in Mr. Buehler's case and that is why it would not follow or be related to abusive sexual conduct under the federal definition. We believe there's a firm dividing line between depictions of simple nudity and those that are objectively lewd or lascivious conduct. By applying prior precedent to Mr. Buehler's case, it would also avoid broadening the term abusive sexual conduct so much that the term becomes a catch-all for all prior sex offenses. Congress did not designate the enhancement in 2252A to cover every prior sex offense. It designated specific prior convictions to trigger the enhancement. Specifically in Lockhart, it implied that Congress's intent was to avoid an enhancement for minor offenses such as public lewdness or indecent exposure or perhaps even invasion of privacy, which is how this case was originally charged. If the relating to clause is considered so broadly that it includes every prior sex offense, it basically reads out the statute. The court has committed to the categorical approach, but if the court adopts the government's analysis of this issue, the categorical approach loses its teeth no matter how broad the statute it triggers the enhancement. We believe that this particular statute of Mr. Buehler's prior conviction is too broad to trigger the mandatory minimum under 2252A.B.2. If there's no further questions, I'd like to reserve my remaining time for rebuttal. You may. Thank you for your argument. Mr. Bateman, we'll hear from you. Thank you. Good morning. Kyle Bateman for the United States. This court has repeatedly and consistently found that the recidivism enhancement language at issue here, specifically the words relating to, should be construed broadly using a plain common sense meaning of the phrase. And using the categorical approach, this court has found that there does not need to be an exact match between the state count of conviction and the triggering federal provision. And that's because the words relating to appear in the statute. In other words, there only needs to be a finding that there's some relationship between the two. Under that standard, and if you look at this court's decisions over the years since Sonnenberg, there's been a myriad of state crimes that are aimed at sex acts and minors. And they all define the acts differently and the body parts differently. And they define child pornography differently. But in most of those cases where we're talking about sex acts and children, they are found to relate to the triggering federal provision. In this case, the Missouri crime, abuse of a child, criminalizes filming a child less than 18 years old engaging in a prohibited sexual act. That relates to both the production of child pornography and abusive sexual conduct involving a minor. The discussion about the inclusion of nudity in the definition of the Missouri statute, nudity that is depicted for the purpose of sexual gratification of any individual who may view such depiction, is very, very similar to the definition of the term abusive sexual conduct involving a minor that this court adopted in Sonnenberg. That is defined as non-physical, to include non-physical misuse of a minor for a purpose associated with sexual gratification. The district court in this case got it right and found that this Missouri crime relates to both the production of child pornography and abusive sexual conduct involving a minor. I do have quite a bit of time left. However... What's your thought on this jury versus judge question? I know it wasn't raised, but has that been settled? Does that ever come up in one of these cases? I have not seen it come up in any of the cases. Do you have a view on it? Is there some reason why this doesn't have to go to a jury to decide whether the mandatory minimum applies after a lane and so forth? What I would say about the language of the statute... He could have waived it here. I understand he may have waived the argument here. I'm just... Since you have a little time, I thought I'd get the benefit of your thoughts on it. Sure. He did plead in this case. I think we're not talking about a strict categorical approach here. We're talking about a sort of looser approach because of the words relating to. So I think... I'm not sure if any impact that would have on whether this needs to be a jury determination or a determination by the judge. I have not read any cases that suggest that we need to... Well, you probably weren't prepared to discuss it, so I won't press you further on it. I would ask that this court affirm the decision of the district court in the sentence in this case. Very well. Thank you for your argument. Thank you. We'll hear brief rebuttal. Yes. All right. Thank you. With regard to the issues that we talked about, we also do believe that it ties into due process as discussed in our brief. We believe that the 2252A enhancement does not provide fair notice to defendants. My only thought on that is I'm not sure it's appropriate to bring up a new argument on  Okay. You didn't argue this in your opening phase, did you? No. I did not. That's it. Just as a matter of etiquette, it's usually better not to raise a new argument in rebuttal. We have your brief on that point. Okay. What I would say is that what we are looking at is behavior under the statute that would fall outside of the definitions for both child pornography and for abusive sexual conduct. It's so broad that what we're asking for is some clarification on where that ends. I think Congress's intent was not to have every offense fall in there, so where is the line that's drawn? I think the case law has not been clarified for that point. It's based on those reasons that we believe that the prior conviction that Mr. Buehler had did not trigger the enhancement and should be invalidated. We ask the court to reverse and remand Mr. Buehler's case for resentencing. Thank you. Very well. Thank you for your argument. Thank you to both counsel. The case is submitted and the court will file a decision in due course.